UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID BURT,                                                                 No. 05-11568

                                Debtor(s).
_____/

SCOTT K. CARTER, et al.,

                                Plaintiff(s),

        v.                                                                    A.P. No. 06-1058

RICHARD DINIHANIAN,

                                Defendant(s).
_____/

Memorandum on Motion for Preliminary Injunction
_____

       Plaintiffs are fundamentally correct in their argument that defendant is not entitled to prosecute fraudulent conveyance claims against them. Once a bankruptcy is filed, fraudulent conveyance claims become property of the estate. *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1276 (5th Cir. 1983). Any attempt by an individual creditor to prosecute such an action is an attempt to exercise control over estate property and violates § 362(a)(3) of the Bankruptcy Code. *Id.*

       The court has denied a preliminary injunction for two reasons. First, the Chapter 7 trustee is now

1

aware of the situation and is represented by counsel.  The court has every expectation that defendant and the trustee will quickly reach an accommodation, or the trustee will take action to protect the estate's rights, so injunctive relief from the court does not appear necessary.  The court notes that defendant and the trustee have a myriad of ways to deal with the situation, ranging from abandonment to assignment to stipulation for relief from the automatic stay to stay of the state court claims while the trustee brings his own fraudulent conveyance action.  No doubt there are several other types of arrangements which can preserve the estate's rights.

Second, and more important from the court's point of view, is that counsel for plaintiffs appears to be trying to use this adversary proceeding to obtain some sort of leverage against defendant beyond merely establishing who is the proper party plaintiff to seek avoidance of a fraudulent transfer made to them.  The court is entirely unconvinced that plaintiffs have any say whatsoever in what sort of arrangement the trustee reaches with those parties who have fraudulent conveyance claims pending in state court.  See *In re Pecan Groves of Arizona*, 951 F.2d 242, 245 (9th Cir. 1991);  *In re Globe Inv. and Loan Co., Inc.*, 867 F.2d 556, 560 (9th Cir. 1989).  The court declines to give any credence to this position by issuing a preliminary injunction.

In the very unlikely event that the trustee fails to reach an agreement with defendant, a permanent injunction may be appropriate.  However, a preliminary injunction appears to be both unwise and unnecessary at this time.

Dated: March 23, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge